**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. EVONNDA FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-24-1284-G |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| 2. MHM SUPPORT SERVICES | ) | |
| d/b/a MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**COMES NOW** the Plaintiff, Evonnda Fields, and hereby pleads as follows:

**PARTIES**

1.      The Plaintiff is Evonnda Fields, an adult resident of Oklahoma County, Oklahoma.

2.      The Defendant is MHM Support Services d/b/a Mercy Hospital, a company doing business in Oklahoma County, Oklahoma.

**JURISDICTION & VENUE**

3.  The Plaintiff asserts claims for discrimination on the basis of race and in retaliation for complaining of race discrimination, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981; and of discrimination on the basis of gender (including gender plus race and/or gender plus age) in violation of Title VII of the Civil Rights Act.

4.  This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. Most of the conduct giving rise to Plaintiff's claims occurred in Oklahoma County, Oklahoma, a county within the United States District Court for the Western District of Oklahoma.  Accordingly, venue is proper in this court.

1

**STATEMENT OF FACTS**

5. The Defendant employed at least fifteen during at least twenty weeks of the current or proceeding calendar year and are employers as defined under Title VII. There is no minimum employee requirement to be an employer under 42 U.S.C. § 1981.

6. The Plaintiff, an African American female, was employed by the Defendant from around April 2020 until around March 27, 2024.

7. Plaintiff was hired into the job position of Social Worker.

8. During her employment the Plaintiff was required to perform her job duties in addition to the duties of Case Manager and Case Manager Assistant.

9. The Plaintiff was qualified for her job position and performed satisfactorily.

10. Plaintiff was the only African American social worker at Defendant's south location ("Mercy South").

11. Plaintiff, to her knowledge, was also the oldest Social Worker at that location.

12. Defendant routinely required Plaintiff, but not white and/or younger employees in the same position, to perform additional job duties, and to work longer hours.

13. Around January 29, 2024 Plaintiff made a complaint of race discrimination to Defendant's HR department.

14. Thereafter Plaintiff made additional complaints of race discrimination to her supervisors and others higher in her chain of command. Plaintiff complained she was treated differently than white employees and treated like a slave. Plaintiff made similar complaints to her supervisors, including Mikayla Wimberly.

15. Defendant voluntarily terminated Plaintiff's employment around March 27, 2024 by Mikayla Wimberly (supervisor).

16. Plaintiff's job duties continued to exist and were given to others including a younger white employee.

17. As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm such as worry, sadness, frustration and similar unpleasant emotions.

18. At the least, motivating and/or but-for factors in the decision to terminate Plaintiff's employment include her race, complaints of race discrimination and/or her gender (including her gender plus race and/or gender plus age).

19. After Plaintiff was terminated her job duties were not eliminated and were given to others, including at least one white employee.

20. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination in June 2024 and an amended charge in July 2024. The EEOC issued Plaintiff her right to sue letter on October 3, 2024 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter. There is no exhaustion requirement under 42 U.S.C. § 1981.

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

21. Discrimination on the basis of race and termination in retaliation for opposing race discrimination violate 42 U.S.C. § 1981 and Title VII of the Civil Rights Act.

22. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of associated benefits) and emotional distress.

3

23. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

24. Plaintiff is also entitled to a declaration that Defendant violated Title VII and/or 42 U.S.C. § 1981 along with reinstatement and to attorney fees/costs.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

Plaintiff incorporates the above paragraphs and further alleges:

25. Discrimination on the basis of gender (including gender plus race and/or gender plus age) violates Title VII of the Civil Rights Act.

26. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of associated benefits) and emotional distress.

27. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

28. Plaintiff is also entitled to a declaration that Defendant violated Title VII along with reinstatement and to attorney fees/costs.

**WHEREFORE**, the Plaintiff requests this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant violated federal and/or state law, wage and benefit loss, compensatory damages (including emotional distress damages), punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other relief allowed.

4

**RESPECTFULLY SUBMITTED THIS 9ᵀᴴ DAY OF DECEMBER 2024.**

s/ *Amber L. Hurst*
Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

5